■ BARCLAYS BANK MÉXICO, S.A., Respondent, v URBI DESARROLLOS URBANOS, S.A.B. DE C.V., Appellant. [981 NYS2d 10]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 16, 2013, which denied defendant's motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, without costs.

The motion court properly denied the motion seeking to dismiss the complaint for lack of personal jurisdiction. On or about December 14, 2010, the parties entered into an ISDA (International Swap and Derivative Association, Inc.) master agreement. The master agreement recited that the parties "have entered and/or anticipate entering into one or more transactions (each a 'transaction') that are or will be governed by this Master Agreement, which includes [a schedule] and the documents and other confirming evidence (each a 'confirmation') exchanged between the parties confirming those transactions." The master agreement provided that in the event of any inconsistency between any confirmation and the master agreement, the provisions of the confirmation were to prevail. Plaintiff's sole cause of action, for breach of the master agreement, is based on defendant's alleged failures to post additional collateral on January 14, 18 and 30, 2013. Under the terms of the master agreement, the parties submitted to the "jurisdiction of the courts of the State of New York and the United States District Court located in the Borough of Manhattan in New York City." There is no merit to defendant's argument that the

parties' consent to the jurisdiction of the New York courts is trumped by the purportedly inconsistent provisions of two confirmations it proffers. As noted above, plaintiff's cause of action involves alleged breaches of credit support obligations that occurred in January 2013. By their own terms, the confirmations were issued "to confirm the terms and conditions of the transaction entered into" by the parties on trade dates that were specified to be February 9 and October 5, 2012. Accordingly, the confirmations were unrelated to the transactions sued upon under the master agreement. Therefore, the unambiguous terms of the operative documents establish that the parties consented to jurisdiction in New York with respect to the claims at issue in this case (*see generally Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Banco Espírito Santo, S.A. v Concession Do Rodoanel Oeste S.A.*, 100 AD3d 100, 106 [1st Dept 2012]). Concur—Mazzarelli, J.P., Friedman, Renwick, DeGrasse and Gische, JJ.